**UNITED STATES of America**

v.

**SUPERIOR FREIGHT LINES, Inc., 222 W. Sample Street, So. Bend, Ind., Fitterling Transportation Company, 222 W. Sample Street, So. Bend, Ind., and William Ford, Box 26, Mill Creek, Indiana.**

**Civ. A. No. 1562.**

United States District Court,
D. Northern Indiana,
South Bend Division.

Oct. 15, 1954.

Phil M. McNagny, Jr., U. S. Atty., Fort Wayne, Ind. and James H. Pankow, Asst. U. S. Atty., South Bend, Ind., for plaintiff.

Feeney & Stratigos, South Bend, Indiana, for defendants.

**PARKINSON, District Judge.**

This is a civil action in damages founded upon a complaint in one paragraph to which the defendants have answered in admission and denial.

The complaint charges the defendants with four acts of negligence, but the plaintiff relies upon the charge that the defendants drove from the inside lane for westbound traffic on to the outside lane when it was occupied by plaintiff's vehicle without keeping a proper lookout and in failing to see plaintiff's vehicle which they could have seen if they had looked, and thereby collided with plaintiff's vehicle in violation of subsection (a) of 47–2018, Burns' Indiana Statutes, 1952 Replacement, which provides as follows:

> "(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

However, this subsection is controlled by the portion which immediately precedes it, and provides:

> "Whenever any roadway has been divided into three (3) or more *clearly marked lanes for traffic*, the following rules, in addition to all others consistent herewith, shall apply". [Our emphasis.]

The driver of plaintiff's vehicle was offered as a witness—and no fairer witness could there be—who testified inter alia as follows:

> "Q. Now, Mr. Morrison, you say there are two lanes on Sample Street for westbound traffic east of the intersection? A. No, sir, there is— east of the intersection there are two lanes for westbound traffic.
>
> "Q. Are these lanes marked? A. No, sir, not marked at that time."

There is no question from the evidence in the record that the driver of plaintiff's vehicle intended to pass the defendants' truck on the right as they both proceeded west on Sample Street and as they crossed Lincoln Way East. Section 47–

2013(b), Burns' Indiana Statutes, 1952 Replacement, permits passing on the right "on a roadway with unobstructed pavement of sufficient width for four (4) or more lines of moving traffic when such movement can be made with safety." The undisputed evidence is that Sample Street was wide enough for three lanes of traffic at the very most and such lanes were not clearly marked, in fact they were not marked at all.

Therefore, the Court having considered all of the evidence adduced, the arguments of counsel and the law applicable thereto, does now make the following

### Findings of Fact

**1.**

On August 11, 1953, Sample Street was a public highway running in an easterly and westerly direction, and Lincoln Way East was a public highway running in a northerly and southerly direction in the City of South Bend, Indiana, and as Sample Street intersected and continued west across Lincoln Way East it angled to the north about forty degrees.

**2.**

On August 11, 1953, at about the hour of four o'clock p.m., the defendant, William Ford, as the employee and agent of the other defendants, was operating a tractor and trailer in a westerly direction on Sample Street, and approached the intersection of Sample Street and Lincoln Way East, and as he arrived at the intersection, stopped his tractor and trailer because of a red light at said intersection.

**3.**

As the defendant, William Ford, was so parked, plaintiff's vehicle driven by Donald T. Morrison, who was then a lieutenant (junior grade) in the United States Navy, drove the plaintiff's vehicle up to the intersection of Sample Street and Lincoln Way East, and stopped said vehicle in back of another automobile which was already parked at said intersection and to the right of the tractor and trailer of the defendants.

**4.**

Sample Street was a street approximately forty (40) feet in width at the intersection thereof with Lincoln Way East, and was a street of sufficient width for three lanes of traffic, but the three lanes of traffic were not clearly marked. In fact, they were not marked at all.

**5.**

In the center of the intersection of Sample Street and Lincoln Way East, at the time said vehicles were so parked, was a portable "No Left Turn" sign.

**6.**

When the traffic light at said intersection turned from red to green, the truck of the defendants moved forward in the normal flow of traffic westerly across the intersection, and the vehicle in front of plaintiff's vehicle passed the defendants' truck on the right while crossing the intersection.

**7.**

The defendants' truck was being operated in a careful and prudent manner at a rate of speed of from five to ten miles per hour as it proceeded across Lincoln Way East, and the driver of the plaintiff's vehicle attempted to follow the car in front thereof and pass the defendants' truck on the right, and because of the funneling of traffic to the north in the normal way, the plaintiff's vehicle was unable to make clearance and the left front side of the plaintiff's vehicle and the right rear tire of the defendants' trailer collided, causing damage to the vehicle of the plaintiff.

**8.**

That the collision, with the resultant damages to plaintiff's vehicle, was not caused by any act of negligence on the part of the defendants, or any of them.

**9.**

That the plaintiff is not entitled to recover from the defendants, or any of them, and should take nothing by reason of its complaint herein.

Upon the foregoing special findings of fact, the Court does now state its

Conclusions of Law

**1.**

This Court has jurisdiction of the parties to and the subject matter of the action.

**2.**

The damages suffered by the plaintiff were not the result of any act of negligence on the part of the defendants or any one of them.

**3.**

The defendants are entitled to a judgment against the plaintiff, that the plaintiff should take nothing by reason of its complaint herein.

Judgment for the defendants is hereby ordered.